Gaston, Judge.
In our judgment the facts admitted were not sufficient to warrant the opinion entertained by his Hon- or. It sufficiently appears, indeed, that the right of entry of one of the lessors of the plaintiff was barred by long continued adverse possession, but the other lessor having been under the disability of infancy ever since that adverse possession commenced, her right of entry yet remains, unless a valid ti-tie in the land passed by the conveyance of the administrator of her father to George Pollard. The deed purports to have been executed under the authority given by an act of the General Assembly to administrators to execute deeds of conveyance for lands which have been sold by their intestates, and for making title to which bonds have been given. (See 1 Rev. St. ch. 46, sec. 28.) The act confers a special authority, and the deed is valid or invalid accordingly as the administrator has or has not pursued that authority. One of the provisions in the act is, that an administrator shall not be authorised to execute a conveyance previous to the full payment of the purchase money, if by the bond payment thereof is required before making title. The bond in this case does so require; and if in fact payment was made of the purchase money before the conveyance of the administrator, he has *473 pursued his authority; but if it were not made, he has not pursued it. Now, the case on which his Honor declared that * 'the law was for the defendant, does not state thq fact of payment, but sets forth only evidence tending to shew the fact; and as it is the province of the Court with us merely to declare the law, it is incompetent for the Court either to infer the fact from any evidence which does not in law establish it, or to direct the jury so to infer it.
It i\ case h* greed do /ac/buta SceTén-[not, it is tent for6 the anr evidence -which does esiabnshTp to infer it.
If the deed of the administrator had contained an edgment of payment to him of the purchase money, it would have operated as a release, and have been plenary evidence of such payment. But a recital in it that it appeared that payment had been made to his intestate, is no more than a declaration of his belief of a fact, and per se is not evidence at all against the lessors of the plaintiff, who claim not ^ ^ ' him but directly from their father.
The facts set forth in the agreed case — that possession-was taken by the vendee upon the execution of the bond. held uninterruptedly for twenty years — that the vendor lived nearly three years after the purchase money became due — . that after his death the administrator, whose duty it was to collect the money if it then remained unpaid, set üp no demand therefor, but on the contrary executed a conveyance of the land — that one of the lessors has acquiesced in the possession held under that conveyance for four years after she came of age — may at this day, when more positive proof of the alleged payment is difficult to be attained, satisfy a jury that in fact the payment was made. And if it does, it will justify a verdict for the defendant. But, if upon all the evidence in the case, they come to the conclusion that payment was not made, it will be their duty to find for the plaintiff, as to one moiety at least of the demised premises,
It is therefore the opinion of the Court that the judgment rendered in the Superior Court must be reversed, and a veni-re de novo awarded.
Per Curiam. Judgment reversed.